UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT LINDSEY, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV00267 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Movant Robert Lindsey's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1], which was filed with this Court on February 17, 2009. Movant also filed a Memorandum in Support of his Motion [doc. #4] on May 11, 2009. The Government filed its Response to the pending Motion on July 29, 2009. Subsequently, on December 10, 2009, Movant filed a Supplement to Movant's Motion Under 28 U.S.C. § 2255 Based on Newly Discovered Evidence of the Corruption and Police Unprofessional Misconduct of the St. Louis Metropolitan Police [doc. #10]. The Government filed its Response to the Supplement on February 25, 2010, and Movant filed a Traverse [doc. #20] on April 1, 2010. Movant filed an additional Traverse [doc. #22] on October 21, 2010.

I.  **BACKGROUND**

Robert Lindsey ("Movant") was indicted by a Federal Grand Jury on December 1, 2005, for possession with intent to distribute cocaine base (Count One), possession with intent to distribute cocaine (Count Two), possession of heroin (Count Three), and possession of a firearm

during a drug trafficking crime (Count Four). On April 10, 2006, a jury trial commenced, and on April 12, 2006, the Court declared a mistrial and reset the matter for a new trial. Movant's second trial commenced on June 26, 2006, and on June 28, 2006, the jury found Movant guilty on all four counts. On October 12, 2006, the District Court sentenced Movant to 120 months on Count One, a concurrent term of 120 months on Count Two, a concurrent term of 24 months on Count Three, and a consecutive term of 60 months on Count Four for a total of 180 months. The Court also sentenced Movant to eight years of supervised release on Count One, a concurrent term of six years of supervised release on Count Two, a concurrent term of one year of supervised release on Count Three, and a concurrent term of three years of supervised release on Count Four, for a total of eight years of supervised release. Following his sentencing, Movant filed a notice of appeal. The Eighth Circuit denied his appeal on November 16, 2007.

On May 11, 2009, Movant filed the pending Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. As grounds for relief, Movant asserted five claims: (1) that his counsel was ineffective for failing to object to the Court's denial of Movant's motions to suppress evidence and statements after the mistrial, and was ineffective for failing to appeal his Fourth Amendment claims; (2) that his counsel was ineffective for failing to challenge on appeal the sentence enhancement filed by the Government pursuant to 21 U.S.C. § 851; (3) that his counsel was ineffective for failing to appeal the Court's denial of Movant's motions to suppress evidence and statements when police officers who testified at both his trials were later found to have engaged in misconduct in an unrelated matter; (4) that his counsel was ineffective on appeal for failing to request a new trial after the police misconduct was discovered; and (5) that the Government failed to present him with a witness list in his second trial and

2

thereby violated his right to a fair trial. Movant then filed a Supplement to his § 2255 Motion, in which he makes additional arguments regarding the aforementioned police misconduct, and asserts that he is entitled to a new trial based on newly discovered evidence of misconduct of another police officer involved in his case.

## II. STANDARD OF REVIEW: RELIEF UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Nonconstitutional claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (internal quotations omitted).

Section 2255 claims may also be limited by procedural default. "A [movant] simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Moreover, even constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted unless the movant can demonstrate either cause for the default and actual prejudice, or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (citing *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001)). An exception to this general prohibition exists only where the alleged error constitutes a "fundamental defect[] that inherently

result[s] in a complete miscarriage of justice." *United States v. Manko*, 772 F.2d 481, 482 (8th Cir. 1985).

## III. RIGHT TO EVIDENTIARY HEARING

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Shaw*, 24 F.3d at 1043. The Court notes that Movant's claims can be conclusively determined based upon the Petition, and the files and records of the case. Therefore, no evidentiary hearing will be held. *See Shaw*, 24 F.3d at 1043.

## IV. DISCUSSION

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

A claim alleging a violation of the Sixth Amendment right to effective assistance of counsel may be raised for the first time in a § 2255 motion, regardless of whether the claim could have been raised on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id.* Furthermore, a movant's attorney may serve as counsel both at the trial and appellate

4

levels of the case, and it is unlikely that the attorney would claim his own ineffective assistance on appeal. *See* 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, *Federal Practice and Procedure* § 594.1, at 710 (3d ed. 2004). Demonstrating ineffective assistance of counsel will normally satisfy the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Establishing ineffective assistance of counsel, however, is "a heavy burden." *Id.*

In *Strickland v. Washington*, the Supreme Court held that a showing of ineffective assistance of counsel requires a movant to demonstrate: (1) that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) that counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Whitehead v. Dormire*, 340 F.3d 532, 537 (8th Cir. 2003). To prove the first prong of the *Strickland* ineffective assistance of counsel test, a movant must demonstrate that, "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. When evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Even if sufficient proof exists with respect to the first prong of the *Strickland* test, relief is available only if a movant also establishes the second prong, that the deficient performance prejudiced the case. To demonstrate prejudice, a movant must show that, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

5

been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  A court is not required to address the two prong *Strickland* test in any particular order, and if the movant makes an insufficient showing on one prong, the court need not address the other prong.  *See id.* at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test.").

The majority of Movant's grounds for relief involve allegations of ineffective assistance of counsel.  The Court will now address each of these allegations, in turn.

       1.     *Failure to Object to Court's Denial of Movant's Motions to Suppress Evidence and Statements After Mistrial and on Appeal*

Prior to the first trial in this case (which ended in a mistrial), counsel for Movant filed pretrial motions to suppress evidence and statements.  An evidentiary hearing was held before Magistrate Judge David Noce on January 30, 2006, at which Movant's counsel presented arguments regarding the suppression issues.  Magistrate Judge Noce issued a Report and Recommendation, in which he recommended that Movant's pretrial motions to suppress evidence and statements be denied.  Counsel for Movant did not object to the findings in the Report and Recommendation, and this Court adopted Magistrate Judge Noce's findings and conclusions.  In his first ground for relief in his § 2255 Motion, Movant asserts that his trial counsel was ineffective for failing to object to the Court's denial of Movant's motions to suppress evidence and statements obtained by the Government before the second trial.  Additionally, Movant claims that counsel was ineffective for failing to appeal the denial.

Movant argues that this failure by counsel violated his right to fully and fairly litigate his Fourth Amendment claims on appeal.

The Court finds that Movant has failed to show, or even allege, prejudice stemming from the asserted ineffective assistance of counsel. At no point in his multiple filings with the Court does Movant provide any basis for objecting to the Court's denial of his motions to suppress evidence and statements, or for appealing said denial.[1] He does not offer any evidence not previously rejected by this Court to suggest that the outcome would have been different if Movant's attorney had objected prior to the second trial. *See Thomas v. United States*, 951 F.2d 902, 904 (8th Cir. 1991) (counsel is not ineffective for failing to raise a claim that lacks merit). Moreover, failure to object to the denial of a motion to suppress evidence or statements does not, in and of itself, establish a per se violation of the Sixth Amendment right to effective assistance of counsel. *Redd v. United States*, 2010 WL 840810, at *3 (E.D. Mo. March 11, 2010) ("Even a complete failure to file a motion to suppress is not per se ineffective assistance of counsel that dispenses with the need to demonstrate actual prejudice."). Additionally, Movant does not explain on what grounds his counsel should have appealed the denial of the motions to suppress evidence and statements. Without knowing what arguments Movant thinks should have been made on appeal, this Court cannot conclude that there is a reasonable probability that the outcome on appeal would have been different. *Strickland*, 466 U.S. at 694.

The Court finds that Movant has failed to show or allege that he was prejudiced by counsel's failure to object to and appeal this Court's denial of Movant's motions to suppress

---

[1] To the extent that Movant is arguing that his counsel should have challenged the denial of his motions to suppress on the basis of the later misconduct of police officers involved in his arrest, such argument is addressed in a subsequent section.

evidence and statements. As a result of this failure, Movant's first ground for relief is inadequate on its face and the Court will deny the ground without an evidentiary hearing.

2. *Failure to Challenge Sentencing Enhancement*

Movant also claims that counsel provided ineffective assistance by failing to appeal the enhancement of his sentence pursuant to 21 U.S.C. §§ 841, 851[2], based on his prior conviction for possession of a controlled substance. Movant was previously convicted of possession of a controlled substance- marijuana, a class C felony, in cause number 041-0000437, in the Twenty-Second Judicial Circuit, Missouri Circuit Court, St. Louis City. As a result of this conviction, Movant received a suspended imposition of sentence and was placed on probation for one year. Movant argues that this prior state conviction does not qualify as a prior final felony drug offense that can be used to enhance a defendant's sentence, particularly because he received a suspended imposition of sentence for the offense.

The Court finds that Movant's counsel was not ineffective for failing to appeal the enhancement of Movant's sentence pursuant to 21 U.S.C. §§ 841, 851. Although Movant argues that appealing the enhancement issue would have been a "dead bang winner on direct review" (Memo. in Support of Mtn., doc # 4, p.13), the case law is clear that a suspended imposition of sentence for a prior Missouri felony drug offense qualifies as a prior final felony conviction for purposes of 21 U.S.C. § 841(b). *See United States v. Davis*, 417 F.3d 909, 913 (8th Cir. 2005) (when considering the applicability of § 841(b) to Missouri suspended sentences, court applied federal law to determine that such sentences are final convictions); *United States v. Slicer*, 361

---

[2]Movant only cites 21 U.S.C. § 851 in his Motion. The Court also cites to 21 U.S.C. § 841 because it is the statute that actually provides for the sentencing enhancement for prior convictions. 21 U.S.C. § 851 sets forth the proceedings to establish prior convictions.

F.3d 1085 (8th Cir. 2004) (enhancement proper for defendant who had prior Missouri felony drug offense and guilty plea, for which he served supervised probation and received a suspended sentence); *United States v. Franklin*, 250 F.3d 653, 665 (8th Cir. 2001) (although Missouri has chosen not to treat suspended sentences as final judgments, Missouri law does not control the question of what constitutes a conviction under 21 U.S.C. § 841). Movant clearly did not have a "dead bang winner on direct review," but rather an argument that has been flatly rejected by case law. Movant's counsel's performance was not deficient because an attorney is not ineffective for failing to raise a meritless claim on appeal. *Gibson v. Gammon*, 175 F.3d 1024 (8th Cir. 1999) (per curiam) (citing *Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994); *Green v. Groose*, 959 F.2d 708, 709-10 (8th Cir. 1992)). Additionally, there is no prejudice because "none of the issues which counsel failed to raise on appeal were meritorious." *Meyer v. Sargent*, 854 F.2d 1110, 1115-16 (8th Cir. 1988).

Because Movant cannot prove either prong of the *Strickland* test, this ineffective assistance of counsel claim also fails.

### 3. *Ineffective Assistance of Counsel Claims Related to Police Misconduct*

In 2007, several officers with the St. Louis Metropolitan Police Department were disciplined for their involvement in a scandal involving tickets to the 2006 World Series games held in St. Louis. The officers were accused of providing family members with tickets to the games that had been seized from scalpers. Although the ticket scandal was completely unrelated to Movant's criminal case, several of the disciplined officers were also involved in Movant's arrest, and testified against him at trial. Movant now makes several ineffective assistance of counsel arguments based on this police misconduct. Specifically, Movant argues that his counsel

9

was ineffective for failing to appeal this Court's denial of the motions to suppress evidence and statements based on the police misconduct, and for failing to request a new trial based on the police misconduct.

First, the Court will address Movant's allegation that his counsel should have challenged this Court's denial of the motions to suppress based on police misconduct in connection with the World Series ticket scandal. Movant's arguments regarding the ticket scandal focus on the allegation that an officer's involvement in the scandal calls into question his credibility. In the context of his motions to suppress, Movant's argument must be that the Court relied on the testimony of officers with questionable credibility in denying the motions. However, this argument fails because to the extent that Magistrate Judge Noce made any credibility determinations in his Report and Recommendation on the motions to suppress (which was adopted in full by this Court), those determinations were only made with respect to Officer Jason Scheel, who was not involved in the World Series ticket scandal. Officer Scheel was the police officer who testified at the evidentiary hearing on the motions to suppress, and he was the officer responsible for applying for and obtaining the search warrant, for advising Movant of his *Miranda* rights, and for interviewing Movant after his arrest. His credibility is not called into question as a result of the ticket scandal, so it could not have been deficient for Movant's counsel to fail to raise this issue. *See Gibson*, 175 F.3d 1024 (an attorney is not ineffective for failing to raise a meritless claim on appeal). Moreover, because the argument has no merit, there is no prejudice to Movant as a result of counsel's alleged ineffective assistance. *See Meyer*, 854 F.2d at 1115-16 (finding no prejudice because "none of the issues which counsel failed to raise on appeal were meritorious").

Movant's main argument with respect to the World Series ticket scandal is that his counsel was ineffective for failing to seek a new trial after evidence of police misconduct came to light. Several of the officers who testified at Movant's trial were involved in the scandal, and Movant argues that these officers' credibility would have been damaged if the jury were aware of their involvement. Again applying the two prong *Strickland* test for ineffective assistance of counsel, in order to prevail on his ineffective assistance of counsel claim, Movant must demonstrate that counsel's failure to request a new trial after learning of the ticket scandal was objectively unreasonable. *See Strickland v. United States*, 466 U.S. 668, 688 (1984). Movant also must show that there is a reasonable probability that had counsel requested a new trial, that request would have been granted and Movant would have been acquitted. *See id.* at 694.

The Court begins with the latter prong of the *Strickland* test, and finds that Movant cannot establish prejudice as a result of counsel's failure to request a new trial on the basis of newly discovered police misconduct. "To receive a new trial, the movant must show that 'the newly discovered evidence is of such a nature that, in a new trial, [it] would probably produce an acquittal.'" *United States v. Rouse*, 410 F.3d 1005, 1009 (8th Cir. 2005) (quoting *United States v. Papajohn*, 212 F.3d 1112, 1118 (8th Cir. 2000)) (alteration in original). Applying this standard, it is clear that, even if Movant's counsel had requested a new trial, the request would have been denied. The Government called three witnesses in its case in chief against Movant (Officer Jason Scheel, Officer Wendell Ishmon, and drug trafficking expert Edward Clay), and two witnesses in its rebuttal case (Dwight Williams and Officer Phillip Menendez). Only two of these five witnesses, Officers Ishmon and Menendez, were involved in the World Series ticket scandal. Officer Ishmon played an admittedly small role in the arrest and search, explaining, "My role was

11

merely assisting." (Trial Tr., doc. #91 in 4:05CR00682 ERW, p.201 l.24). Officer Menendez was more involved in the arrest and search than Officer Ishmon, but he was not the main witness for the Government at Movant's trial. The Government's main witness, Officer Scheel, was not implicated in the scandal, so his credibility would not have been called into question. Moreover, after careful review of the trial testimony, it is clear that Officers Ishmon and Menendez only offered testimony that was duplicative of Officer Scheel's testimony.

Additionally, it is unlikely that the jury would even be permitted to hear evidence regarding the ticket scandal. The courts that have considered whether evidence of an officer's involvement in the World Series ticket scandal is admissible have consistently determined that the evidence should be excluded. *See United States v. Beck*, 557 F.3d 619, 621 (8th Cir. 2009) (upholding the district court's decision to exclude the evidence pursuant to Federal Rule of Evidence 608(b)); *United States v. Miller*, 2008 WL 199547, at *1-2 (E.D. Mo. Jan. 22, 2008) (noting the diminished probative force of the evidence and excluding it based on Federal Rule of Evidence 608(b)). Considering that the discredited witnesses only provided duplicative testimony, and that it is unlikely that the evidence would even be admitted, this Court finds that the evidence is not of such a nature that it would probably produce an acquittal. Thus, even if Movant's counsel had requested a new trial, that request would not have been granted. Because the request would not have been granted, Movant is unable to establish prejudice.

Movant's ineffective assistance of counsel arguments regarding the police misconduct connected to the World Series ticket scandal fail on the merits. The Court will deny the pending Motion with respect to these grounds for relief.

B.  VIOLATION OF MOVANT'S RIGHT TO A FAIR TRIAL

In addition to his ineffective assistance of counsel claims, Movant also asserts that he is entitled to relief under 28 U.S.C. § 2255, on the ground that the Government violated his right to a fair trial by failing to submit a new witness list prior to the second trial. This claim is without merit because Movant did not have a right to receive a witness list. While a court may require the prosecution to disclose its witness list before trial, "criminal defendants have no right in noncapital cases to require disclosure of the list of government witnesses under Fed. R. Crim. P. 16(a)." *United States v. White*, 750 F.2d 726, 728 (8th Cir. 1984). Because Movant had no right to receive the Government's witness list, the Government's failure to turn a witness list over prior to the second trial cannot amount to a violation of Movant's right to a fair trial. Thus, Movant's claim must fail.

C.  NEWLY DISCOVERED EVIDENCE OF POLICE MISCONDUCT

Finally, Movant claims that he should be given a new trial based on newly discovered evidence of police misconduct. Specifically, Movant points to the conviction of Officer Leo Liston for Misapplication of Property under the Care, Custody and Control of a State Government Agency that Receives Federal Funds.

> "To receive a new trial based on newly discovered evidence, a defendant must show (1) that the evidence was not discovered until after trial; (2) that due diligence would not have revealed the evidence; (3) that the evidence is not merely cumulative or impeaching; (4) that the evidence is material; and (5) that the evidence is such as to be likely to lead to acquittal."

*United States v. Carlson*, 613 F.3d 813, 818 (8th Cir. 2010) (quoting *United States v. Coplen*, 565 F.3d 1094, 1096) (8th Cir. 2009)). Even assuming that Movant can establish the first four prongs, Movant cannot prove that evidence of Officer Liston's conviction is likely to lead to an

acquittal. Officer Liston did not testify at Movant's criminal trial, he was merely one of the many officers present at the scene of Movant's arrest. Evidence that might call into question the credibility of an officer who didn't even testify at Movant's trial cannot be said to be likely to lead to an acquittal. Thus, the Court will reject Movant's argument that he is entitled to a new trial on the basis of newly discovered evidence regarding Officer Leo Liston.

## IV.     CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Robert Lindsey's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's Motion.

Dated this 30th Day of November, 2010.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE