UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT LINDSEY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00267 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Movant's Motion under Federal Civil Rules of Procedure Pursuant to Rule 59(e) Requesting Reconsideration for Reopening the Original Judgment Denying the § 2255 Petition [doc. #25]. Robert Lindsey ("Movant") is seeking the reconsideration of the Court's Memorandum and Order dated November 30, 2010. In the Memorandum and Order, this Court denied the Section 2255 motion, and denied Movant a certificate of appealability.

In the present Motion, Movant argues that this Court should have granted an evidentiary hearing on the issue of whether his counsel was ineffective for failing to appeal his sentencing enhancement, based on his prior conviction for possession of a controlled substance. Movant also argues that the Court erred in rejecting his Fourth Amendment claims. Both of these issues were raised by Movant in his § 2255 Motion, they were examined by this Court, and they were ultimately rejected as grounds for relief under 28 U.S.C. § 2255. Movant has not introduced new evidence, and is simply asking the Court to reconsider these issues.

The relief Movant seeks is not properly granted under Fed. R. Civ. P. 59(e), because 59(e) "motions serve the limited role of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). Moreover, Rule 59(e) motions "'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Id.* Movant has not presented any arguments that were not previously considered by this Court; rather, he merely reargues his § 2255 Motion. Movant's citation of several cases regarding sentencing enhancements and his perceived "intra-circuit conflict" is merely a continuation of his previous arguments, all of which could have been raised prior to this Court's denial of the § 2255 Motion.

The pending Motion is properly treated as a successive § 2255 application. The Eighth Circuit has established that "inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). Movant is attempting to do just that with his 59(e) Motion. As such, this Court will reclassify the 59(e) Motion as a successive § 2255 Motion, for which Movant failed to obtain authorization to file from the Court of Appeals. The Court can either transfer the Motion to the Court of Appeals or dismiss it for filing the Motion with lack of authorization. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). The Court finds that dismissal of this Motion is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion under Federal Civil Rules of Procedure Pursuant to Rule 59(e) Requesting Reconsideration for Reopening the Original Judgment Denying the § 2255 Petition [doc. #25] is **RECLASSIFIED** as a successive 28 U.S.C. § 2255 Motion to Vacate, Set Aside, Grant a New Trial, or Correct the Sentence.

**IT IS FURTHER ORDERED** that this Motion [doc. #25] is **DISMISSED** for failure to obtain authorization from the Eighth Circuit Court of Appeals.

Dated this 28th Day of January, 2011.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE